IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY ANTHONY HUNT,<br>TDCJ #619439,<br><br>      Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division,<br><br>      Respondent.[1] | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-13-1445 |

## MEMORANDUM AND ORDER

Before the court is a petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, filed Roy Anthony Hunt (TDCJ #619439), a state inmate incarcerated in the

Texas Department of Criminal Justice - Correctional Institutions Division

(collectively, "TDCJ").  Hunt has filed a petition, seeking relief from a TDCJ

administrative decision regarding the time he must serve before being eligible for

early release.  After reviewing the pleadings and the applicable law under Rule 4 of

---

[1]      The petition names Brad Livingston as the respondent.  Livingston is the
Executive Director of the Texas Department of Criminal Justice.  Rick Thaler
is the director of the Correctional Institutions Division.  The Court substitutes
Thaler, as the proper respondent pursuant to Rule 25(d) of the Federal Rules of
Civil Procedure because he is the official custodian of the Texas prison inmates.
*See Ladner v. Smith*, 941 F.2d 356, 356 n.1 (5th Cir. 1991).

the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

## I.    <u>BACKGROUND</u>

Hunt reports that he was convicted and sentenced to twenty years in TDCJ pursuant to a plea of *nolo contendere* for the offense of delivery of a controlled substance. *State v. Hunt*, No. 606087 (248th Dist. Ct., Harris County, Tex. Jan. 13, 1991). He appealed the judgment which was affirmed by the Court of Appeals for the First District of Texas. *Hunt v. State*, No. 01-92-00038-CR, 1992 WL 347937 (Tex. App.– Hous. [1st Dist.] Nov. 25, 1992). Hunt states that he subsequently pled guilty to aggravated assault and was sentenced to five years in TDCJ, to be served consecutively with the sentence for the prior delivery of a controlled substance conviction. *State v. Hunt*, 59,883 (23rd Dist. Ct., Brazoria County, Tex. Dec. 10, 2012).

Hunt claims that the 23rd State District Court in Brazoria County dropped the deadly weapon finding pursuant to a plea agreement making the offense non-aggravated for purposes of eligibility for mandatory supervision [Doc. # 1, p. 7]. He has also attached a copy of the state court judgment in which the section marked "Findings on Deadly Weapon" is marked "N/A" [Doc. # 3, p. 11]. Hunt contends that

2

he has been eligible for mandatory supervision since May 9, 2012, but that the TDCJ administration has denied him an early release by applying the wrong statute in determining his eligibility [Doc. # 3, p. 7].

Hunt filed two state applications for a writ of habeas corpus challenging the TDCJ administrative denial of early release. Both applications were denied for failure to comply with Section 501.0081(b) of the Texas Government Code. *Ex parte Hunt*, No. 38,691-09 (Tex. Crim. App. Apr. 17, 2013); *Ex parte Hunt*, No. 38,691-10 (Tex. Crim. App. Apr. 17, 2013). Under that provision, a prisoner cannot file a state application for a writ of habeas corpus regarding time credit until he has filed a challenge with the TDCJ administrative appeal system and has obtained a written decision regarding his claim or 180 days has elapsed without a decision since he filed his administrative challenge. TEX. GOV'T CODE Ann. § 501.0081(b) (West 2012).

Hunt has filed at least fifteen civil rights complaints and habeas petitions prior to submitting the current habeas challenge. *See Hunt v. State of Texas*, Civil No. H-10-2569 (S.D. Tex. Jul. 24, 2010), *see Memorandum on Dismissal,* (Doc. # 4, p. 2). In doing so, he has accumulated more than three strikes and is barred from filing any civil rights complaint *in forma pauperis* unless he is in imminent danger of serious physical injury. *Id.*, *citing* 28 U.S.C. § 1915(g). Hunt has also been cited and sanctioned for his "abusive and scurrilous filings in federal court." *Id.* at 2.

Consequently, the court has twice barred Hunt from filing any new civil rights complaints or habeas applications without advance payment of the filing fee and written permission from the court.   H-10-2569, *citing Hunt v. Harris County,* Civil No. H-98-1396 (S. D. Tex. May 2, 2000); *Hunt v. Thomas*, Civil No. H-98-1976 (S.D. Tex. Aug. 6, 1999).  A previous habeas application filed by Hunt challenging the outcome of a prison disciplinary hearing was dismissed for failure to obtain permission.  *Hunt v. Dretke*, Civil No. H-04-1316 (S.D. Tex. Apr. 12, 2004).

## II.   <u>FAILURE TO EXHAUST STATE REMEDIES</u>

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).   A petitioner must exhaust the available requisite state procedures for relief before pursuing federal habeas relief.  *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (citing *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir.2000). *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting

4

*Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*.  *Woodfox v. Cain*, 609 F.3d 704, 792 (5th Cir. 2010) (citing *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001)).

In most cases under the applicable statutory framework, a habeas petitioner must exhaust his state remedies by fairly presenting "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the  state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  Texas prisoners challenging their state court judgments do so by taking the following paths:  (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) filing an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners

must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

In this proceeding, Hunt is not challenging a state court judgment.  Instead, he challenges a prison administrative decision regarding his good-time credits and their effect on his release date.  He may not file a direct appeal for relief in the Texas courts.  *See Ex parte Dunlap*, 166 S.W.3d 268 (Tex. Crim. App. 2005); *Jackson v. Johnson,* 69 S.W.3d 372, 373 (Tex. App.– Texarkana 2002); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986).  Instead, he must first resort to the TDCJ grievance system.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001).  Texas law requires him to file an administrative appeal and wait until a written decision is issued or let 180 days elapse before filing a state habeas application.  *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010).  He may then file a state writ application and exhaust his state remedies in compliance with § 2254 after the Texas Court of Criminal Appeals issues an adjudication on the merits.  *Id.*; *Walters v. Quarterman*, 258 F. App'x 697, 698 (5th Cir. 2007) (citing *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

The state court records indicate that Hunt did not follow the requisite procedures before filing his state writ of habeas corpus application.  Nos. 38,691-09,

6

-10.  Although he did submit his claim in a state habeas application, it was not presented "'in a procedurally correct manner.'"  *See Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993)).  Accordingly, the Texas Court of Criminal Appeals "dismissed" the application on procedural grounds indicating that there was no ruling on the merits. *Miller*, 200 F.3d at  698 (citing *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  Consequently, the substance of his claim was not fairly presented to the state courts which precludes review in the federal courts.  *See Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012); *Carty v. Thaler*, 583 F.3d 244, 253 -254 (5th Cir. 2009). The court generally gives a habeas petitioner an opportunity to respond to a finding that his petition is subject to dismissal for failure to exhaust.  *Kurtzemann v. Quarterman,* 306 F. App'x 205, 206 (5th Cir. 2009) (citing *Day v McDonough,* 547 U.S. 198, 209-10 (2006); *Magouirk v. Phillips,* 144 F.3d 348, 357-59 (5th Cir.1998)). However, Hunt's litigation history, when viewed in concert with his attempt to circumvent prison administrative procedures, obviates the need for prior notice before dismissal.  *Magouirk*, 144 F.3d at 358.

## III.   PRIOR SANCTIONS

As stated in the first section of this Memorandum and Order, Hunt has been barred from filing new habeas petitions and civil rights complaints without prior court

authorization due to his purposeless and vexatious pleadings as well as his history of failing to respond to court rulings. *See e.g. Hunt v. Thomas*, Civil No. H-98-1976. Such sanctions are appropriate against *pro se* litigants who have ignored court orders and have persisted with baseless petitions and complaints. *See Bryson v. United States*, 553 F.3d 402 (5th Cir. 2008) (dismissal with prejudice of habeas petition warranted in light of petitioner's contumacious conduct); *Mayfield v. Klevenhagen,* 941 F.2d 346, 348 (5th Cir. 1991) (noting that a plaintiff's "wasting of increasingly scarce judicial resources must be brought to an end"). Hunt has failed to exhaust available state court remedies and has shown a continuing disregard for court rulings and procedures. Consequently, his petition is subject to dismissal without further notice. *See In re McDonald*, 489 U.S. 180 (1989) (inmate who had only $25 was not allowed to proceed *in forma pauperis* before the Supreme Court due to his history of filing writs); *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988); *Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir. 1988).

## IV.   <u>CERTIFICATE OF APPEALABILITY</u>

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## V.    <u>CONCLUSION</u>

For these reasons, the Court **ORDERS** as follows:

1.    The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 4] is **GRANTED**.

2.    The petitioner's motion for leave to file petition [Doc. # 5] is **DENIED** and the petition [Doc. #1] is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by

28 U.S.C. § 2254.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____May 31_____, 2013.

Nancy F. Atlas
United States District Judge